# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SPACE COAST BUILDING, LLC,**
    **Plaintiff,**

v.                                       **Case No. 6:23-cv-2078-JA-DCI**

**WESTCHESTER SURPLUS**
**LINES INSURANCE COMPANY,**
    **Defendant.**

## ORDER

Upon review of the Amended Petition for Removal (Doc. 7) filed by Defendant, Westchester Surplus Lines Insurance Company, the Court concludes that Defendant has not met its burden of establishing that this Court has subject-matter jurisdiction based on diversity of citizenship.

Curiously, in the Amended Petition for Removal, Defendant again alleges—as it did in the initial Notice of Removal (Doc. 1)—that "Plaintiff was and is [a] Florida corporation." (Doc. 7 at 3). But as Defendant recognizes in the next sentence, Plaintiff is not a corporation but a limited liability company, whose citizenship is "determined by the citizenships of its members." (*Id.*). Defendant then asserts that Plaintiff's sole member is Kirk Von Stein, whose "address is listed" as a location in Vero Beach, Florida. (*Id.* (citing Doc. 7-5)). But while the documents submitted with the Amended Petition for Removal identify Kirk Von Stein as a *manager* of Plaintiff, they do not identify him as a

*member*—let alone the sole member—of Plaintiff. And even if the documents did show that Von Stein were the sole member of Plaintiff, Defendant's reliance only upon Von Stein's Vero Beach address is insufficient to establish Von Stein's citizenship. *See, e.g., Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (noting that "[r]esidence alone is not enough" to establish citizenship); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

In sum, neither Defendant's allegations, the attachments to the Amended Petition for Removal, nor anything else in the record is sufficient to establish the citizenship of Plaintiff. Thus, the Court is not satisfied that it has subject-matter jurisdiction over this action, and it must be remanded to the state court from which it was removed.

Accordingly, it is **ORDERED** as follows:

1. This action is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2023-CA-046204.

2. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on November 2, 2023.

                                                      JOHN ANTOON II
                                                  United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties